UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4803

WILLIAM LUMAS GRIFFIN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4805

GEORGE DAVID LANGLEY, JR.,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-96-93, CR-96-95)

Submitted: August 19, 1997

Decided: January 22, 1998

Before HALL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North
Carolina; Nils E. Gerber, Winston-Salem, North Carolina, for Appel-

lants. Walter C. Holton, Jr., United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William L. Griffin and George D. Langley, Jr., appeal their convictions for possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1997). In this consolidated appeal, they challenge the constitutionality of § 922(g), the district court's denial of a requested jury instruction, and the denial of a motion for acquittal. We affirm.

Griffin and Langley were apprehended after breaking and entering into a restaurant in Burlington, North Carolina. Each wore a shoulder holster containing a pistol. Each had previously been convicted of a crime punishable by imprisonment exceeding one year. The jury found both guilty. Griffin was sentenced to 211 months imprisonment followed by five years supervised release. Langley was sentenced to 181 months imprisonment followed by five years supervised release.

Relying on United States v. Lopez, 514 U.S. 549 (1995), Appellants challenge the constitutionality of 18 U.S.C.A. § 922(g), asserting that the enactment of the statute exceeded Congress' Commerce Clause authority. Having recently rejected the identical argument in United States v. Wells, 98 F.3d 808, 811 (4th Cir. 1996), we find Appellants' argument to be without merit.

Next, Appellants contend that the district court erred in refusing to instruct the jury that, following the Supreme Court's decision in Lopez, the government is required to prove that the defendants' pos-

2

session of the firearms had a direct impact on interstate commerce, greater than the fact that the firearms originated in a state other than North Carolina. We disagree. In Wells, we specifically held that the existence of the statute's jurisdictional element-- requiring the government to prove that the firearm was "shipped or transported in interstate or foreign commerce" -- "satisfies the minimal nexus required for the Commerce Clause." Wells, 98 F.3d at 811 (citing Scarborough v. United States, 431 U.S. 563, 575 (1977) (finding predecessor to § 922(g) within the bounds of the Commerce Clause)); see also United States v. Smith, 101 F.3d 202, 215 (1st Cir. 1996) (holding proof of minimal nexus to interstate commerce still sufficient for § 922(g) conviction after Lopez), cert. denied, 117 S. Ct. 1345 (1997); United States v. Lewis, 100 F.3d 49, 50-53 (7th Cir. 1996) (same). Consequently, we hold that an adequate interstate nexus exists if the firearm was shipped or transported in interstate or foreign commerce. See also United States v. Verna, 113 F.3d 499, 502 (4th Cir. 1997) (holding that plaintiff's § 922(g) conviction must be sustained if there was sufficient evidence that the firearm had been"shipped or transported in interstate . . . commerce"). Accordingly, the district court did not err in refusing Appellants' requested jury instruction.

Finally, Appellants argue that the district court should have granted their motions for acquittal because the Government did not prove adequate interstate nexus. The Government offered the testimony of a firearms expert that each weapon was manufactured in Connecticut. This evidence satisfies that element of the offense.

We affirm the convictions of Griffin and Langley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3